AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br>Kelvin Perez<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  12-470-M<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   August 1, 2012 to August 25, 2012   in the county of   Philadelphia   in the
   Eastern   District of   Pennsylvania  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 963, 960(b)(2) | conspiracy to import 100 or more grams of heroin |
| 21 USC 846, 841(b)(1) | conspiracy to distribute 100 or more grams of heroin |
| 18 USC 924(c) | using a firearm in connection with a drug trafficking crime |

This criminal complaint is based on these facts:
Affidavit of Elizabeth MacDonald, attached hereto and incorporated by reference

☑ Continued on the attached sheet.

_____
Complainant's signature

Elizabeth MacDonald, Special Agent, HSI
Printed name and title

Sworn to before me and signed in my presence.

Date:  3/16/12

_____
Judge's signature

City and state:   Philadelphia, Pennsylvania          L. Felipe Restrepo, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Elizabeth MacDonald, being duly sworn, hereby depose and say:

### INTRODUCTION

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I am an investigator or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered to conduct investigations of, and to make arrests for, the offenses enumerated in Titles 8, 18, 19, 21, and 31 of the United States Code and other related offenses.

2. I have been a HSI Special Agent since 2008. I have participated in numerous criminal investigations of financial crimes, drug smuggling and money laundering. As a HSI Special Agent I am currently assigned to the Special Agent in Charge, Philadelphia, Pennsylvania (SAC/PH) HIDTA Financial Investigations Group. In this capacity I am charged with investigating narcotics smuggling, violations of the Money Laundering Control Act of 1986, Bank Secrecy Act, the USA Patriot Act of 2001 and other financial crimes. I have received specific training in investigations of financial crimes and money laundering. I have conducted and participated in investigations of Money Service Businesses and Money Transmitting Businesses.

3. The information contained in this affidavit is based upon my personal knowledge and investigative efforts, as well as the observations and investigative efforts of other law enforcement officers, including but not limited to United States Customs and Border Protection Officers ("CBPOs"). This affidavit does not set forth each and every fact learned by me or other law enforcement officers during the course of this investigation.

4. I am submitting this affidavit in support of a criminal complaint against Kelvin Perez for committing a violation of 21 U.S.C. § 963, conspiracy to import controlled substances, 21 U.S.C. § 846, conspiracy to distribute controlled substances, and 18 U.S.C. § 924(c), using a firearm in connection with a drug trafficking offense.

5. I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation; from discussions with other agents of Homeland Security Investigations and other law enforcement; from my discussions with witnesses involved in the investigation; and from my review of records and reports relating to the investigation.

6. On August 18, 2011, a citizen of the United States arrived at the Philadelphia International Airport aboard US Airways Flight No. 1452 from Punta Cana, Dominican Republic.[1] Upon his arrival in Philadelphia, during the Customs and Border Protection inspection process, CBPOs observed certain factors related to the individual's travel that indicated that he might be a controlled substances courier. CBPOs asked for the defendant's consent to bring him to a nearby medical facility to conduct an X-ray examination of his body to determine if he was carrying drugs internally. The individual then stated to CBPOs that he had in fact, swallowed numerous pellets in the Dominican Republic that contained an unknown narcotic. The individual then gave verbal consent to go to the hospital for an x-ray. Prior to an x-ray being given, the individual began passing pellets. The pellets were field tested and tested positive for heroin. A total of 640 grams was recovered and was tested and confirmed to be heroin.

---

[1] As will be explained in this affidavit, the Castillo drug trafficking organization is a violent organization. Therefore, the government is not naming the individual involved in this document.

7. The individual indicated that he had been recruited to become a courier by his childhood friend, Person # 1, about a week before traveling to the Dominican Republic. Once he agreed to participate, Person #1 introduced the individual to "Piting," subsequently identified by photograph as Higinio Castillo. Castillo took the individual to CVS to get passport photos taken, took him to Customs to get his passport application, and provided him with the funds for an expedited application. Castillo also gave the individual a fake travel itinerary to justify the expedited status. The individual and Person #1 then traveled to the Dominican Republic, where both swallowed pellets of a controlled substance. Person #1 returned to the United States a day earlier than the individual, and went through customs without incident.

8. The individual was charged with importing heroin and released. Once he was released, he was contacted by Person #1. Person #1 told the individual that Person #1 was in trouble because Piting believed that the individual has stolen the heroin. Person #1 stated that he had been staying in Camden to stay safe while they were waiting to find out what happened to the individual. The individual explained that he had been arrested.

9. Person #1 left, and then returned in a Jeep with two other men. Genao told the individual to get inside the vehicle. Person #1 and the others transported the individual to an apartment in Philadelphia. Higinio Castillo and Kelvin Perez arrived at the apartment. Castillo and Kelvin Perez accused the individual of stealing the heroin. Kelvin Perez cocked a pistol, slapped the individual, and shot a round from the firearm through an open window. The individual was then tied up. They made a telephone call to the source of supply of the heroin in the Dominican Republic, and required the individual to speak to the source of supply. The source of supply accused the individual of stealing the heroin. The individual was then left bound and blindfolded for more than an hour.

10. Eventually, the bindings on the individual were cut off, and he was taken to a car, still blindfolded. He was dropped off in Philadelphia, and told not to tell what had happened.

11. Based upon the foregoing, I believe probable cause exists to arrest Kelvin Perez for committing a violation of 21 U.S.C. § 963, conspiracy to import controlled substances, 21 U.S.C. § 846, conspiracy to distribute controlled substances, and 18 U.S.C. § 924(c), using a firearm in connection with a drug trafficking offense.

_____
Elizabeth MacDonald
Special Agent, Homeland Security Investigations

Sworn to and subscribed before
me this day of March 2012 21 USC
16, 2012

_____
HONORABLE L. FELIPE RESTREPO
United States Magistrate Judge
Eastern District of Pennsylvania